## El Pueblo v. López.

Apelación procedente de la Corte de Distrito de Guayama.

No. 336.—Resuelto en mayo 3, 1911.

Derecho Penal—Delito de Portar Armas Prohibidas—Cortes Municipales—Su Jurisdicción.—Las cortes municipales tienen jurisdicción para conocer de todos los delitos comprendidos dentro del artículo 4 de la ley prohibiendo portar armas, aprobada en marzo 9, 1905, porque dicho artículo de un modo expreso se la confiere.

Id.—Cuestión de Hecho—Apreciación de Pruebas.—La determinación del lugar y de la ocasión en que el acusado fué sorprendido portando el revólver, es una cuestión de hecho, y contra la apreciación del tribunal sentenciador no cabe ir, cuando examinadas las pruebas no consta que se haya procedido con manifiesto error o influído por pasión, prejuicio o parcialidad.

Id.—Multa—Prisión Subsidiaria.—De acuerdo con lo resuelto en los casos de *El Pueblo* v. *Puente*, de febrero 17, 1908, y *El Pueblo* v. *Vázquez*, de marzo 23, 1911, no puede imponerse a un acusado prisión subsidiaria por defecto del pago de la multa, cuando la pena sea de prisión y multa, y la sentencia que así lo ordena puede ser modificada en apelación.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

La parte apelante no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el acusado contra sentencia que dictó la Corte de Distrito de Guayama en 17 de enero del corriente año, condenándole, como culpable del delito de portar armas prohibidas, a las penas de multa de cincuenta dollars y de 30 días de cárcel, debiendo reducírsele a prisión en el caso de que la multa no fuere satisfecha, cuya prisión será de un día por cada dollar que deje de satisfacer, con las costas del juicio a su cargo.

Dió origen al juicio celebrado *de novo* ante la Corte de Distrito de Guayama, recurso de apelación interpuesto por Julio López contra sentencia que dictó la Corte Municipal de Guayama a virtud de denuncia que le fué hecha por el sargento de la Policía Insular, Agustín M. Várgas, contra Julio López, por el delito de portar un revólver en una manifestación pública que celebraba el Partido "La Unión de Puerto Rico" en dicha ciudad, el día 30 de octubre del año próximo pasado.

No ha comparecido la parte apelante a sostener el recurso.

Del escrito de exposición del caso resulta que a la denuncia se opuso la excepción previa de falta de jurisdicción de la corte municipal para conocer del caso, y que la resolución de la corte declarando sin lugar tal excepción fué excepcionada.

No hay duda que la Corte Municipal de Guayama tenía jurisdicción para conocer del hecho, tal como le fué denunciado, y que por las circunstancias en que tuvo lugar aparece evidentemente comprendido en el número 4°. de la ley prohibiendo portar armas, aprobada en 9 de marzo de 1905, cuyo artículo estatuye por modo expreso que las cortes municipales tendrán jurisdicción para conocer de todos los delitos comprendidos en dicho artículo, que se cometan dentro de sus respectivos distritos. La determinación del lugar y de la ocasión en que el acusado fué sorprendido portando el revólver, fué una cuestión de hecho que la Corte de Distrito

de Guayama decidió en el sentido que se afirma en la denuncia; y no podemos ir contra su apreciación, porque examinadas las pruebas que han venido en el escrito de exposición del caso, no encontramos que haya procedido con manifiesto error o influída por pasión, prejuicio o parcialidad.

La pena señalada al delito de que se trata, es la de multa no menor de veinte y cinco dollars ni mayor de cien dollars, ó prisión por un período no menor de veinte días ni mayor de tres meses, o ambas penas, y la corte, ejercitando la discreción que la ley le reconoce, estimó que debía imponer, como impuso al acusado, ambas penas, o sean cincuenta dollars de multa y treinta días de cárcel; pero al proceder así, no ha podido ordenar que el acusado sufra prisión subsidiaria por defecto del pago de la multa, por ser ilegal esa prisión, según lo hemos resuelto en el caso de *El Pueblo de Puerto Rico* v. *José Puente Durán,* y en el de *El Pueblo de Puerto Rico* v. *José Vázquez,* decididos, respectivamente, en 17 de febrero de 1908 y en 23 de marzo de 1911.

Atendida la infracción legal apuntada, que no vicia de nulidad la sentencia recurrida, procede modificar ésta en el sentido de que el apelante se entienda condenado a la pena de cincuenta dollars de multa y treinta días de cárcel, sin que por defecto del pago de la multa deba sufrir prisión subsidiaria.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.